IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MARC STOUT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-00172 (RDA/TCB) |
| | ) | |
| SERGEANT MISCHOU, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiffs Marc Stout's ("M. Stout") and Robert Stout's ("R. Stout") (collectively, "Plaintiffs") *pro se* Applications to Proceed in District Court without Prepaying Fees or Costs ("IFP Motions"). Dkt. Nos. 2; 3. Even if this Court were inclined to find that good cause exists to find that the Plaintiffs are each individually impoverished, this decision would subject Plaintiffs' Complaint to the screening requirements of 28 U.S.C. § 1915(e). *See also, e.g.*, *Patel v. Credence Mgmt. Sols. LLC*, No. 1:20-cv-00427, Dkt. 3, 1-2 (E.D. Va. June 8, 2020) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)).

When a plaintiff proceeds *in forma pauperis*, district courts are obligated to review the complaint pursuant to 28 U.S.C. § 1915. The complaint may be dismissed *sua sponte* if the plaintiffs fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Considering the Complaint (Dkt. 1) and the IFP Motions (Dkt. Nos. 2;3), this Court finds that Plaintiffs have failed to state a plausible claim from which relief may be granted because Plaintiffs' Complaint is barred by the doctrine of *res judicata*. Therefore, it is hereby ORDERED that the Complaint (Dkt. 1) is DISMISSED with prejudice; and IT IS FURTHER ORDERED that the IFP Motions are DENIED as moot.

I. BACKGROUND

Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983.  Dkt. 1, 3.  To that end, Plaintiffs maintain that Defendants "Sgt. Mischou" and "Lt. Bisek" (collectively, "Defendants") have violated their First and Fourteenth Amendment rights.[1]  *Id*.

Plaintiffs contend that the actions giving rise to their claims occurred on December 17, 2019, at the Manassas City police station in Manassas, Virginia.  *Id*. at 7.  Plaintiffs allege that they went to the police station that day to "practice their constitutional rights."  *Id*.  They maintain that at some point, while they were standing on the sidewalk at the police station, Defendants escorted Plaintiffs away from the police station because, amongst other reasons, Plaintiffs were "filming through the windows" of the police station.  *Id*.

Further, Plaintiffs set forth that they "previously filed a lawsuit with this [C]ourt based on a similar set of facts regarding th[e] incident" at issue in this case.  *Id*. at 9.  Plaintiffs note that this Court "dismissed [that prior action] without prejudice[.]"  *Id*.

II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) . . . requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

---

[1] In their Complaint, Plaintiffs identify the Defendants as "Sgt. Mischou," and "Lt. Bisek." Dkt. 1.  Thus, without knowing the first name of the Defendants, in this Order, this Court will refer to the Defendants as Sgt. Mischou and Lt. Bisek when discussing them individually and "Defendants" when mentioning them collectively.

2

550 U.S. at 570). A claim is plausible under this standard when a plaintiff pleads factual content sufficient for a court to make a reasonable inference that a defendant is liable. *Id.* Allegations that are conclusory are "not entitled to be assumed true." *Id.* at 681 (citing *Twombly*, 550 U.S. at 554-555). A court should "construe facts in the light most favorable to the plaintiff and draw all reasonable inferences in [her] favor . . . [but] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal citations and quotation marks omitted).

That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17–cv–01365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III.  ANALYSIS

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Id*.

"The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts*, 287 F.3d at 318 (internal citations omitted). A claim is said to be precluded where three elements are met:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the

3

>parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Id*. at 1316. The Court may take judicial notice of the "facts from [ ] prior judicial proceeding[s] . . . ." *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) (internal quotations omitted) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

Here, this Court takes judicial notice of the facts set forth in *Stout, et al. v. Michou, et al.*, No. 1:20-cv-00147, Dkt. 18, 7-13 (E.D. Va. Feb. 5, 2021). In the case at bar, Plaintiffs acknowledge that they "previously filed a lawsuit with this [C]ourt based on a similar set of facts regarding" the very "incident" of which Plaintiffs now complain. Dkt. 1, 9. This Court dismissed Plaintiffs' prior case because Plaintiffs failed to state a plausible claim from which relief could be granted. *See Stout, et al. v. Michou, et al.*, No. 1:20-cv-00147, Dkt. 18, 7-13 (E.D. Va. Feb. 5, 2021). To be sure, that judgment was final and on the merits, *see id*., and therefore, the first claim preclusion element is satisfied. *See In re Varat Enterprises, Inc.*, 81 F.3d at 1315.

As for the second claim preclusion element, the parties in this case are identical to those in *Stout, et al. v. Michou, et al.*, No. 1:20-cv-00147, Dkt. 18, 7-13 (E.D. Va. Feb. 5, 2021). In both cases, R. Stout and M. Stout have brought suit against "Sgt. Mischou" and "Lt. Bisek." *Stout*, No. 1:20-cv-00147, Dkt. 18. Thus, the second claim preclusion element is also satisfied.

And as for the third element, Plaintiffs concede that this action concerns the same series of events that were at issue in *Stout*, No. 1:20-cv-00147, Dkt. 1. *Compare with*, Dkt. 1, 9. Certainly, both cases concern a series of events that took place on December 17, 2019, where Plaintiffs were allegedly escorted from a sidewalk at the Manassas City police station by the Defendants after attempting to film police officers. *Compare*, *id*., *with Stout*, No. 1:20-cv-00147, Dkt. 1. Therefore,


the claims at issue here "arise out of the same transaction" as those at issue in the prior litigation. *See In re Varat Enterprises, Inc.*, 81 F.3d at 1315. As such, the third claim preclusion element is also satisfied.

Accordingly, setting aside the merits of the Complaint, this Court finds that here, Plaintiffs have failed to state a plausible claim from which relief may be granted because their claims in this matter are barred by the doctrine of *res judicata*.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Complaint (Dkt. 1) is DISMISSED with prejudice; and

IT IS FURTHER ORDERED that Plaintiffs' IFP Motions (Dkt. Nos. 2; 3) are DENIED as moot.

To appeal this decision, Plaintiffs must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiffs wants to appeal. Plaintiffs need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiffs' right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiffs, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
February 18, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge